**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3352-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

GUILIO MESADIEU, a/k/a
GUILIO MESUDIEU, JASON
PIERRE, JOSEPH PIERRE,
GUILIO MESDIEU, GUILIO
MASADIEU, EMMANUEL
MERVALUS, and EMMANUEL
MERVILUS,

     Defendant-Appellant.

_____

Submitted January 13, 2026 – Decided February 9, 2026

Before Judges Rose and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment Nos. 16-06-0373 and 16-06-0375.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Richard Sparaco, Designated Counsel, on the brief).

William A. Daniel, Union County Prosecutor, attorney for respondent (Milton S. Leibowitz, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a supplemental brief on appellant's behalf.

PER CURIAM

Defendant Guilio Mesadieu appeals from the March 21, 2024 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

On February 9, 2016, four Elizabeth Police Department (EPD) detectives, including Jose Martinez, were in an unmarked vehicle when they were flagged down by a confidential informant (CI). Martinez knew the CI, who, over the past year, provided him information that resulted in twelve arrests and the seizure of handguns, heroin, cocaine, marijuana, and other controlled dangerous substances (CDS).

The CI previously provided Martinez information about defendant, whom the CI knew as Bless, describing him as a mid- to upper-level drug dealer from the Jefferson Park area of Elizabeth. The CI told Martinez that Bless owned a small trucking company and frequently made large deliveries of heroin and cocaine to the Pittsburgh area. The CI also said Bless used multiple vehicles,

including a black Dodge Ram pickup truck, and provided the street address of Bless's residence. Based on the CI's information, Martinez identified defendant as Bless.

After flagging down the vehicle, the CI told Martinez defendant would be transporting a large amount of heroin in the Sierra Gardens area of Elizabeth that morning. Aware defendant had a pending charge for unlawful possession of a handgun, Martinez suspected he would be armed. After speaking with the CI, the detectives drove in the direction of Bless's home.

En route, Martinez observed defendant driving alone in a black Dodge Ram pickup. The detectives made a U-turn and followed defendant's truck. At the intersection of East Grand Street and Routes 1 and 9, they saw defendant make an abrupt left turn onto the highway without using a turn signal. The detectives then saw defendant drive from the far-left lane across two lanes of the highway to the far-right lane without signaling, causing other cars to brake quickly to avoid an accident. Martinez radioed a marked police car in the area to conduct a motor vehicle stop of defendant for the violations he observed.

A sergeant arrived in a marked vehicle shortly thereafter and stopped defendant's truck. Because of defendant's pending weapons charge, the

3

detectives exited their vehicle with their weapons drawn and ordered defendant to exit his truck. Defendant complied.

An officer patted down defendant and found no weapons on his person. After Martinez told defendant the reason for the stop, he became irate, calling the officers liars. Defendant denied a request for consent to search the truck.

Martinez informed defendant he was going to have canine officers brought to the scene to sniff the exterior of the truck. Defendant agreed to sit in the rear of the patrol vehicle for his safety, given the proximity of passing traffic on the highway. The officers did not arrest defendant or put him in handcuffs. They advised defendant he was free to leave, but would not be permitted to take the truck, which was being held pending the police investigation.

While waiting for the arrival of the canine officers, Martinez looked through the window of the truck and saw a bank envelope containing a large amount of cash. Martinez retrieved the envelope, which contained $4,900, and gave it to defendant to hold during the investigation.

About thirteen minutes later, an explosives detection canine officer and a narcotics detection canine officer arrived at the scene. The canines sniffed the perimeter of the truck. The explosives canine did not indicate the presence of explosives or weapons. The narcotics canine indicated the presence of narcotics

4

on the passenger-side door seam. Defendant was advised the truck would be towed to police headquarters while the State applied for a search warrant, but he was free to leave. Defendant said he would not leave without his vehicle and asked to speak with the internal affairs unit. Officers confiscated the envelope of cash as possible proceeds of CDS sales and transported defendant to police headquarters so he could speak with an internal affairs officer.

A Law Division judge later issued a warrant to search defendant's truck. During the search, officers found a loaded handgun under the center console armrest. Defendant was arrested at police headquarters.

Subsequent testing recovered no fingerprints on the weapon. However, defendant could not be excluded as a contributor to DNA evidence found on the handgun. At trial, the State proffered an expert analysis concluding the probability of selecting an unrelated individual at random in the population with the exact DNA types obtained from the swabs of the magazine is approximately one in 750 million African Americans, one in sixty billion Caucasians, and one in ten billion Hispanics.

A Union County grand jury indicted defendant, charging him with one count of second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b).

In a second indictment, the grand jury charged defendant with one count of second-degree certain persons not to have a weapon, N.J.S.A. 2C:39-7.

Defendant moved to suppress the evidence seized from his truck, challenging both the motor vehicle stop and the officers' prolongation of the stop to await arrival of the canine officers.

On August 16, 2017, after an evidentiary hearing, the court denied the motion. In a written decision, the court found the officers had reasonable suspicion defendant violated several provisions of the motor vehicle traffic code, justifying the stop. In addition, the court found the officers did not prolong the stop by requesting the canine officers and, if there was a prolongation of the stop, it was justified because the officers had reasonable suspicion defendant was in possession of CDS and was armed based on the CI's information.

On April 18, 2018, a jury found defendant guilty of the sole count in the initial indictment. That same day, after a second trial, the jury found defendant guilty of the sole count in the second indictment.

On June 8, 2018, the court sentenced defendant to an eight-year term of incarceration, with a forty-two-month period of parole ineligibility pursuant to the Graves Act, N.J.S.A. 2C:43-6(c), on the unlawful possession of a weapon conviction and a concurrent ten-year term of incarceration with a five-year

A-3352-23

period of parole ineligibility on the certain persons conviction. The court ordered both sentences be served consecutively to a twelve-year sentence defendant was then serving on an unrelated conviction.

We affirmed defendant's convictions, but remanded for resentencing. State v. Mesadieu, No. A-5379-17 (App. Div. Aug. 20, 2021). The Supreme Court denied defendant's petition for certification. State v. Mesadieu, 249 N.J. 441 (2021).

On May 27, 2022, the court on remand sentenced defendant to an eight-year term of incarceration, with a forty-eight-month period of parole ineligibility on the unlawful possession of a weapon conviction and a concurrent ten-year term of incarceration with a five-year period of parole ineligibility on the certain persons conviction. The court ordered both sentences be served consecutively to a twelve-year sentence defendant was then serving on an unrelated conviction.

On August 12, 2022, defendant filed a self-represented petition for PCR. In the petition and a brief subsequently filed by counsel, defendant alleged ineffective assistance of trial counsel for his failure to: (1) thoroughly investigate the circumstances leading to the motor vehicle stop and the officers' actions during the stop prior to towing the truck; (2) challenge the sufficiency of the reasonable suspicion of criminal activity proffered by the State as the

basis for the stop; (3) challenge the validity of the search warrant; (4) challenge the validity of the warrantless removal of the envelope from the truck; (5) object to, and effectively cross-examine testimony concerning the canine officer's indication of contraband at the suppression hearing; (6) object to the admissibility of the DNA evidence and effectively argue its limited value to the jury; (7) adequately argue for a mistrial after defendant was lead into the courtroom in handcuffs and prison garb in front of the jury; and (8) challenge admission of the handgun as evidence based on gaps in the chain of custody.

Defendant also argued appellate counsel was ineffective by: (1) refusing his instruction to appeal the order permitting the State to obtain a DNA sample from defendant and the admission of that evidence at trial; (2) refusing his instruction to challenge on appeal the warrantless removal of the envelope from his truck; (3) failing to challenge the issuance of the search warrant; and (4) failing to challenge gaps in the chain of custody of the handgun. Defendant also alleged the cumulative errors of his trial and appellate counsel warranted PCR.[1]

---

[1] In a self-represented brief, defendant argued: (1) he was the target of a conspiracy based on corruption and systemic racism; (2) his arrest was premeditated by the Union County Prosecutor's Office and EPD; and (3) the judge who denied his motion to suppress deprived him of his constitutional right to appear without counsel and denied the motion because of personal animus.

Following arguments on defendant's petition, the court reserved decision and on March 21, 2024, issued an order denying defendant's petition. In a thirty-two-page written decision, the court rejected each of defendant's claims, concluding he failed to establish the prima facie showing of ineffective assistance of counsel necessary to warrant an evidentiary hearing.

The court found defendant's allegations concerning trial counsel's investigation of the circumstances leading to the motor vehicle stop and the officers' actions at the stop prior to towing the truck were legally insufficient because he did not identify the information such an investigation would have revealed. The court found defendant also failed to explain how the information his counsel would have uncovered during an investigation would have changed the outcome of either the suppression motion or trial.

The court also concluded defendant's allegations based on trial counsel's failure to challenge the reasonable suspicion proffered as the basis for the motor vehicle stop were barred because the validity of the stop was addressed on direct appeal. See Rule 3:22-4(a). In addition, the court noted trial counsel's motion to suppress was based on the argument the CI's information was insufficient to constitute reasonable suspicion of illegal activity.

A-3352-23

The court found neither a search nor a seizure took place when Martinez removed the envelope from defendant's truck. The court found Martinez handed the envelope to defendant to safeguard its contents during the investigation and protect the officers from a theft accusation. The court also concluded that, even if removal of the envelope was a search and seizure, any challenge by trial counsel would have been unsuccessful under the inevitable discovery doctrine. The court reasoned the envelope would have been found when officers executed the warrant to search defendant's truck. The court also noted the evidence in the envelope was only tangentially related to the charges of which defendant was convicted. Thus, the court found defendant did not establish exclusion of the envelope and its contents would have changed the outcome of the trial, negating his claim of ineffective assistance of counsel.

The court also found defendant's argument with respect to trial counsel's failure to challenge the search warrant insufficient to warrant an evidentiary hearing. The court noted defendant produced no evidence of a deliberate falsehood or reckless disregard for the truth in the affidavit submitted in support of the search warrant application. Nor did defendant identify evidence supporting his allegation trial counsel could have effectively undermined the credibility of the officer who described the canine officer's indication of

narcotics in the truck or the reliability of the canine officer's indication of contraband.

For the same reasons, the court found defendant failed to establish a prima facie allegation of ineffective assistance at the suppression hearing. The court described the irrefutable evidence of the canine officer's training and certifications admitted at the hearing and defendant's counsel's argument the canine officer's indication of contraband could not be taken without exception. The court found any challenge to the canine officer's credibility by defendant's counsel would not have changed the outcome of the suppression hearing.

The court also found defendant did not identify the basis on which trial counsel could have successfully opposed admission of the DNA evidence. Nor did defendant explain how his counsel – who argued to the jury the DNA evidence was at best inconclusive and did not identify defendant as the only person who could have contributed to the DNA found on the magazine – would have made a more effective argument at trial.

The court rejected defendant's argument regarding the jury viewing him in handcuffs and prison garb. The court found defendant did not identify when this incident allegedly occurred and produced no evidence establishing the

11

incident happened. Thus, defendant did not establish a prima facie claim of ineffective assistance of counsel on this point.

Similarly, the court found defendant did not identify any gaps in the chain of custody for the handgun or any other evidence. Thus, the court concluded defendant did not establish a prima facie allegation of ineffective assistance of counsel with respect to this claim.

The court found defendant did not identify any meritorious argument his appellate counsel failed to raise in his direct appeal. The court found the arguments defendant alleged his appellate counsel should have raised were the same non-meritorious arguments defendant alleged his trial counsel should have raised. Thus, the court concluded defendant failed to establish a prima facie case of ineffective assistance of appellate counsel.

The court found defendant's individual claims of ineffective assistance of counsel when considered cumulatively do not warrant an evidentiary hearing.

Finally, the court found defendant failed to provide any details expounding on the argument he made in his self-represented brief concerning a conspiracy, a premeditated stop, deprivation of his right to appear in court, and personal animus on the part of the judge who denied his suppression motion.

12

Thus, the court concluded defendant was not entitled to an evidentiary hearing on those claims. This appeal followed.

In his counseled brief, defendant raises the following arguments.

POINT I

DEFENDANT WAS ENTITLED TO AN EVIDENTIARY HEARING WHERE HE ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL.

(A) TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO ARGUE AT THE MOTION TO SUPPRESS EVIDENCE THAT THE STOP OF THE MOTOR VEHICLE WAS PRETEXTUAL.

(B) TRIAL COUNSEL FAILED TO CROSS-EXAMINE THE STATE'S WITNESS WITH REGARD TO THE BASIS FOR THE STOP OF DEFENDANT'S VEHICLE.

(C) TRIAL COUNSEL FAILED TO CHALLENGE THE SEIZURE OF THE ENVELOPE CONTAINING CASH PRIOR TO THE CANINE OFFICER'S ARRIVAL AT THE SCENE.

(D) COUNSEL FAILED TO ELICIT TESTIMONY REGARDING THE CANINE'S TRAINING CERTIFICATIONS OR RECORDS OF THE CANINE'S ACCURACY.

(E) TRIAL COUNSEL FAILED TO OBJECT TO THE ADMISSIBILITY OF THE INCONCLUSIVE DNA EVIDENCE AND FAILED TO EFFECTIVELY ARGUE THE INCONCLUSIVE NATURE OF THE EVIDENCE TO THE JURY.

(F)     TRIAL COUNSEL FAILED TO ARGUE A MOTION FOR MISTRIAL AFTER COURT OFFICERS ESCORTED DEFENDANT INTO THE COURTROOM IN HANDCUFFS AND PRISON GARB IN THE PRESENCE OF THE JURY.

(G)     TRIAL COUNSEL FAILED TO ARGUE THAT THE GAPS IN THE CHAIN OF CUSTODY OF THE EVIDENCE SEIZED FROM THE DEFENDANT'S VEHICLE AFFECTED THE WEIGHT OF THE EVIDENCE.

In his self-represented brief without point headings, see Rule 2:6-2(a)(1), (6), defendant repeats many of the arguments of his counsel and makes additional arguments and allegations, including that Martinez planted the gun in defendant's truck, the court acquiesced in the officers' "setting up" defendant for his refusal to become a CI, perjured testimony was entered at trial, and the CI who provided information to Martinez was a fabrication.

II.

Under Rule 3:22-2(a), a defendant is entitled to PCR if there was a "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey . . . ."  "A petitioner must establish the right to such relief by a preponderance of the credible evidence."  State v. Preciose, 129 N.J. 451, 459 (1992).  "To sustain that burden, specific facts" which "would provide the court

with an adequate basis on which to rest its decision" must be articulated.  State v. Mitchell, 126 N.J. 565, 579 (1992).

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee criminal defendants the right to the effective assistance of counsel.  State v. O'Neil, 219 N.J. 598, 610 (2014) (citing Strickland v. Washington, 466 U.S. 668, 686 (1984); State v. Fritz, 105 N.J. 42, 58 (1987)).  To succeed on a claim of ineffective assistance of counsel, the defendant must meet the two-part test established by Strickland and adopted by our Supreme Court in Fritz.  466 U.S. at 687; 105 N.J. at 58.

Under Strickland, a defendant first must show that his or her attorney made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  466 U.S. at 687.  Counsel's performance is deficient if it "[falls] below an objective standard of reasonableness."  Id. at 688.

A defendant also must show that counsel's "deficient performance prejudiced the defense[,]" id. at 687, because "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[,]" id. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the trial.  Ibid.  "[A] court

need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 697; State v. Marshall, 148 N.J. 89, 261 (1997). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

We review a judge's decision to not hold an evidentiary hearing on a PCR petition for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing Marshall, 148 N.J. at 157-58). Where the PCR court has not conducted an evidentiary hearing, we review its legal and factual determinations de novo. State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020); see also State v. Nash, 212 N.J. 518, 540-41 (2013).

A hearing is required only when: (1) a defendant establishes a prima facie case in support of PCR; (2) the court determines there are disputed issues of material fact that cannot be resolved by review of the existing record; and (3) the court determines an evidentiary hearing is required to resolve the claims asserted. State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)). "A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most

favorable to the defendant, will ultimately succeed on the merits.'" Id. at 355 (quoting R. 3:22-10(b)).

"[T]o establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel." Ibid. (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)). A PCR petition must be "accompanied by an affidavit or certification by defendant, or by others, setting forth with particularity[,]" State v. Jones, 219 N.J. 298, 312 (2014), "facts sufficient to demonstrate counsel's alleged substandard performance[,]" Porter, 216 N.J. at 355 (quoting Cummings, 321 N.J. Super. at 170); see also R. 3:22-10(c).

Having reviewed defendant's arguments, including those made in his self-represented brief, in light of the record and applicable legal principles, we affirm the March 1, 2024 order substantially for the reasons stated by the court in its thorough and well-reasoned written decision, with one exception. The court concluded defendant's allegation of ineffective assistance of counsel based on trial counsel's failure to challenge the reasonable suspicion proffered as the basis for the motor vehicle stop was barred because the validity of the stop was addressed on direct appeal. See Rule 3:22-4(a). On direct appeal, we only considered and upheld the trial court's denial of defendant's motion to suppress.

We did not consider whether trial counsel was effective in his arguments during the suppression hearing. We also did not, because we could not, consider appellate counsel's effectiveness. Thus, defendant's ineffective assistance of counsel claims were not procedurally barred under Rule 3:22-4(a). We agree, however, with the court's conclusion defendant did not identify any grounds on which his trial counsel or appellate counsel could have successfully challenged the motor vehicle stop.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division